UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JARED UHLICH,<br><br>        Plaintiff<br><br>    v.<br><br>R3 EDUCATION, INC., MEDICAL UNIVERSITY OF THE AMERICAS, and JOHN AND JANE DOES 1-100 (in their official and individual capacities),<br><br>        Defendants | C.A. No.: 1:24-CV-12096 |

**ANSWER AND JURY DEMAND OF R3 EDUCATION, INC. AND MEDICAL UNIVERSITY OF THE AMERICAS**

Defendants R3 Education, Inc. ("R3") and Medical University of the Americas ("MUA") answer the correspondingly numbered paragraphs of the complaint as follows.

1. Denied.

2. Denied.

3. Denied.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted that Plaintiff is a former student of MUA. R3 and MUA lack information sufficient to admit or deny the remaining allegations of this paragraph.

8. Denied.

9. Admitted.

10. Denied that R3 "manages" educational institutions. Otherwise admitted.

11. Admitted.

12. Admitted that Plaintiff so represented upon applying for admission to MUA. R3 and MUA otherwise lack information sufficient to admit or deny the allegations of this paragraph.

13. R3 and MUA lack information sufficient to admit or deny the allegations of this paragraph.

14. Admitted that Plaintiff is a former student of MUA. R3 and MUA lack information sufficient to admit or deny the remaining allegations of this paragraph.

15. Admitted.

16. Admitted that Plaintiff attended MUA and was enrolled in its M.D. program in the Spring of 2012. Otherwise denied.

17. Admitted that in 2011 MUA was not yet approved for participation in Title IV funding. R3 and MUA lack information sufficient to admit or deny the remaining allegations of this paragraph.

18. R3 and MUA lack information sufficient to admit or deny the allegations of this paragraph.

19. R3 and MUA lack information sufficient to admit or deny the allegations of this paragraph.

20. Admitted that MUA sent Plaintiff correspondence in August 2018 notifying Plaintiff that MUA had been approved to participate in the William D. Ford Federal Direct Unsubsidized Stafford and Grad PLUS Loan programs. Otherwise denied.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted that MUA's financial aid department contacted Plaintiff in December 2019 to inform him that he was on academic probation. Denied that Plaintiff passed all of his classes up to that point. R3 and MUA lack information sufficient to admit or deny the remaining allegations of this paragraph.

27. Admitted.

28. Admitted.

29. Denied.

30. Admitted.

31. Admitted that Plaintiff became ineligible for the Federal Direct Unsubsidized Stafford and Direct Grad PLUS Loan programs because he was registered for less than half-time for the Fall 2020 semester, and that he had to repeat the one failed course during that semester. Otherwise denied.

32. Admitted that Plaintiff contacted MUA in early November 2020 and MUA confirmed that Plaintiff was not eligible for financial aid until MUA completed its review of all students' Satisfactory Academic Progress (SAP). Otherwise denied.

33. Denied.

34. Denied.

35. Admitted that Plaintiff contacted MUA's financial aid department, which advised him that once final grades for all students were in for the semester, it would begin reviewing all students for Satisfactory Academic Progress. Otherwise denied.

36. R3 and MUA lack information sufficient to admit or deny the allegations of this paragraph.

37. Admitted.

38. R3 and MUA lack information sufficient to admit or deny the allegations in this paragraph.

39. Denied.

40. Denied.

41. Admitted.

42. Admitted that Plaintiff submitted his written appeal. Otherwise denied.

43. Admitted that Hurricane Ida made landfall in Louisiana on August 29, 2021. R3 and MUA lack information sufficient to admit or deny the remaining allegations of this paragraph.

44. Admitted that MUA scheduled a meeting regarding Plaintiff's appeal, which Plaintiff said he was unable to attend due to Hurricane Ida, and that the meeting was not rescheduled. R3 and MUA lack information sufficient to admit or deny any remaining allegations of this paragraph.

45. R3 and MUA lack information sufficient to admit or deny the allegations of this paragraph.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Admitted.

52. Denied.

53. Admitted that MUA released Plaintiff's transcript.  Otherwise denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied that Plaintiff has suffered losses because of R3 or MUA.  R3 and MUA lack information sufficient to admit or deny the remaining allegations of this paragraph.

## COUNT I
## VIOLATION OF MASS. GEN. LAW CH 93(A) [sic]

58. R3 and MUA incorporate by reference their responses to the paragraphs above.

59. Admitted, except that the statute Plaintiff intends to reference is Chapter 93A, not 93(A) or 93 (A).

60. Admitted, except that the statute Plaintiff intends to reference is Chapter 93A, not 93(A) or 93 (A).

61. Admitted that the Massachusetts Attorney General has identified certain debt collection practices as being unfair or deceptive and that the violation of those regulations is a violation of Chapter 93A.  Otherwise denied.

62. Admitted that counsel for Plaintiff sent to MUA's counsel a demand letter purporting to identify a claim under Chapter 93A and presenting a demand for payment of attorney's fees.  Otherwise denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## COUNT II
## BREACH OF CONTRACT

68. R3 and MUA incorporate by reference their responses to the paragraphs above.

69. Admitted that courts applying Massachusetts law have held that certain aspects of the relationship between a student and a college or university can be contractual in nature and that such a contract can comprise those provisions of catalogs and other documents that contain sufficiently specific promises. Otherwise denied.

70. Admitted that a contractual relationship existed between Plaintiff and MUA during Plaintiff's enrollment at MUA. Otherwise denied.

71. Admitted that MUA offered admission to Plaintiff on specific terms; that Plaintiff and MUA entered into a contractual relationship when Plaintiff accepted the offer of admission; and that MUA is owned indirectly by R3. Otherwise denied.

72. Admitted that Plaintiff applied to and enrolled at MUA and that he paid certain fees and expenses associated therewith. R3 and MUA lack information sufficient to admit or deny the remaining allegations of this paragraph.

73. Admitted that MUA and Plaintiff entered into a contractual relationship in relation to Plaintiff's enrollment at MUA. Otherwise denied.

74. Admitted that courts applying Massachusetts law have applied a standard of reasonable expectation in relation to certain contracts between colleges and universities and their students. Otherwise denied.

75. Admitted that contracts governed by Massachusetts law contain an implied covenant of good faith and fair dealing. Otherwise denied.

76. Admitted that MUA students reasonably could expect that MUA would not charge false or excessive tuition costs and that MUA would not deceive its students.  R3 and MUA lack information sufficient to admit or deny the remaining allegations of this paragraph.

77. Denied.

78. Denied.

79. Denied.

80. Admitted that Plaintiff was considered a part-time student and charged accordingly.  Otherwise denied.

81. Denied.

82. Admitted that MUA's Student Handbook contains academic progress guidelines.  Otherwise denied.

83. Admitted.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## COUNT IV [sic[1]]
## DENIAL OF BASIC FAIRNESS

88. R3 and MUA incorporate by reference their responses to the paragraphs above.

89. Admitted that courts applying Massachusetts law have ruled to that effect.  Otherwise denied.

---

[1] The Complaint does not contain a Count III.

90. Admitted that courts applying Massachusetts law have held that colleges and universities must conduct student disciplinary proceedings with basic fairness. Otherwise denied.

91. Admitted that courts applying Massachusetts law have ruled to that effect.

92. Admitted that MUA and the Plaintiff entered into a contractual relationship. Otherwise denied.

93. Admitted that MUA had an express or implied contractual obligation to act with basic fairness in making any decision to dismiss Plaintiff. Otherwise denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

## AFFIRMATIVE DEFENSES

1. Count I fails to state a claim for relief because Chapter 93A does not apply to the claims of this non-Massachusetts consumer.

2. The Complaint fails to state a claim for relief under Massachusetts contract law because Massachusetts law does not apply.

3. Plaintiff's contract and basic fairness claims fail as a matter of law to the extent Plaintiff seeks to establish obligations different from or in additional to those established in the parties' contract.

4. Plaintiff's contract and basic fairness claims fail as a matter of law where the terms of the alleged contract are indefinite and unenforceable.

5. Plaintiff's recovery, if any, is limited or barred by his failure to mitigate his alleged damages.

6. Plaintiff's recovery, if any, is limited or barred by the doctrines of laches and/or waiver.

## REQUEST FOR RELIEF

R3 and MUA request that:

a. the complaint be dismissed with prejudice;

b. R3 and MUA be awarded their attorneys' fees and costs; and

c. R3 and MUA be granted such other relief as is warranted.

## JURY DEMAND

R3 and MUA demand a trial by jury on all claims so triable.

R3 EDUCATION, INC. and MEDICAL UNIVERSITY OF THE AMERICAS,

*/s/Daryl J. Lapp*
Daryl J. Lapp (BBO #554980)
  daryl.lapp@lockelord.com
LOCKE LORD LLP
111 Huntington Avenue
Boston, MA 02199
October 31, 2024                    (617) 239-0100

**Certificate of Service**

    I certify that on October 31, 2024, I caused the foregoing document to be served on counsel of record for all parties that have appeared to date through the Court's CM/ECF system.

                                          */s/Daryl J. Lapp*
                                          Daryl J. Lapp

138845407v.4